IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SYBIL ANGELA BYNUM-WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER SCUDERI, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 5:23-cv-265 (MTT) |

## ORDER

Defendant Christopher Scuderi moves the Court to enforce a written settlement agreement with Plaintiff Sybil Angela Bynum-Williams and to award attorney fees as a sanction.  Doc. 19.  For the reasons that follow, Scuderi's motion (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART.**

### I. BACKGROUND

Bynum-Williams filed this action pursuant to 42 U.S.C. § 1983 claiming Scuderi, a law enforcement officer, subjected her to unlawful seizure and excessive force in violation of her constitutional rights.  Doc. 1.  In June 2024, the parties participated in mediation with former Superior Court Judge Lamar Sizemore and drafted a written settlement agreement.  Doc. 19-1 at 3.  The settlement agreement was signed by Bynum-Williams, her counsel, Scuderi's counsel, and the mediator.  Docs. 19-1 at 3; 19 at 4.  In September 2024, after the Court inquired regarding the status of the case, Scuderi filed a Notice of Settlement.  Doc. 15.  Shortly thereafter, then-counsel for Bynum-Williams informed Scuderi that Bynum-Williams was now refusing to settle her claim.  Doc. 19 at 2.  Scuderi moved to enforce the settlement agreement and to award

attorney fees as a sanction.  Doc. 19.  Bynum-William's counsel moved to withdraw from his representation, which the Court granted.  Docs. 16; 22.  Bynum-Williams now proceeds pro se.

## II. DISCUSSION

### A. Motion to enforce

Scuderi moves the Court to enforce the written settlement agreement.  Doc. 19.  The Court has the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case*."  Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quotation and citation omitted).  "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract."  *Id*. at 1122 (quotation and citation omitted).

In determining whether to enforce a settlement agreement, the contract law of the forum state governs.  *See Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999); *Vinnett v. Gen. Elec. Co.,* 271 Fed. App'x 908, 912 (11th Cir.2008).  In Georgia, a settlement agreement is enforceable if it meets the same formation and enforceability requirements as other contracts and contains a meeting of the minds as to all essential terms.  *Ruskin v. AAF-McQuay, Inc*., 284 Ga. App. 49, 643 S.E.2d 333, 336 (Ga. Ct. App. 2007).  "[T]he law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced."  *Id*. (quotation omitted).  Settlement agreements are generally enforced "unless it appears that the parties clearly failed to reach agreement on an essential contract term."  *Id*. at 37.

In this case, there was a definite, certain, and unambiguous agreement between the parties. Bynum-Williams participated in the mediation and signed the settlement agreement, all while represented by counsel. Bynum-Williams' counsel approved the Notice of Settlement filed with the Court. Doc. 19-1 at 10. Her counsel's approval of the settlement agreement is reinforced by his eventual withdrawal based on Bynum-Williams' refusal to honor the settlement agreement.

"[A]n attorney may bind a client in the absence of her signature on a final document by giving approval to settlement documents." *Rodgers v. Unifund CCR LLC*, No. 1:19-cv-1431-TCB-JCF, 2020 U.S. Dist. LEXIS 239931, 2020 WL 7384052, at *3 (N.D. Ga. Jan. 16, 2020), report and recommendation adopted sub nom. *Rogers v. Unifund CCR LLC*, No. 1:19-cv-1432-AT, 2020 U.S. Dist. LEXIS 241095, 2020 WL 7380149 (N.D. Ga. Feb. 6, 2020) (citation omitted). Here, both Bynum-Williams and her counsel signed the settlement agreement. Doc. 19-1 at 3. Thus, there is no dispute that Scuderi and Bynum-Williams agreed to be bound by the settlement agreement.[1]

Despite these facts, Bynum-Williams argues that after the mediation, she reviewed the settlement agreement and gave "notification" that she was "unwilling[] to accept the money." Doc. 25 at 1. She likewise claims that the settlement agreement is not an "OFFICIAL FINAL SETTLEMENT DETAIL DOCUMENT" and therefore she should be permitted to rescind her signature. *Id*. at 1-2. The Court finds the settlement agreement binding, and Bynum-Williams' "buyer's remorse" does not impede the

---

[1] Bynum-Williams accuses Scuderi's counsel of devising a "cunning trick of suppressing the truth to get advantage of [Bynum-Williams] in a slick way to induce [Bynum-Williams] who otherwise, if known, would not accept the offer." Doc. 25 at 2. This argument is without merit because Bynum-Williams was represented by counsel at the mediation and the mediation was conducted by former Superior Court Judge Lamar Sizemore.

required conclusion.  Pursuant to O.C.G.A. § 13-3-1, Scuderi and Bynum-Williams entered into a binding contract through their settlement agreement because they are parties able to contract, there was consideration moving to the contract, the parties clearly assented to the terms, and it contains a subject matter upon which the contract can operate.  Therefore, while the parties intended to prepare an "official" settlement document after the mediation, the settlement agreement nonetheless constituted a binding contract.[2]

The Court has reviewed the settlement agreement (Doc. 19-1 at 3) and finds that there was a meeting of the minds sufficient to form an agreement that was definite, certain, and unambiguous as to its essential terms.[3]  *See generally BellSouth Advert. & Publ'g Corp. v. McCollum*, 433 S.E.2d 437, 445 (Ga. Ct. App. 1993) (holding that no valid agreement existed if "there was . . . any essential part of the contract upon which the minds of the parties had not met" (quotation omitted)).

Accordingly, the settlement agreement is fully enforceable against Bynum-Williams.

**B. Motion for attorney fees as a sanction**

Scuderi requests the Court to use its inherent authority to award attorney fees incurred as a result of having to file the motion to enforce.  Doc. 19 at 4.  In general, each party bears its own attorney fees and costs except when authorized by statute or

---

[2] "When the parties intend to memorialize with a formal document an agreement that they have already reached, … the execution of the document is not an act necessary to the creation of an enforceable contract." *Doss & Assocs. v. First Am. Title Ins. Co.*, 325 Ga. App. 448, 754 S.E.2d 85, 91 (Ga. Ct. App. 2013) (citing *Brooks Peanut Co. v. Great S. Peanut*, 322 Ga. App. 801, 746 S.E.2d 272 (Ga. Ct. App. 2013)).

[3] For reasons she does not explain, Bynum-Williams argues that "'the sum of $100,000.00' is indefinite, uncertain and ambiguous."  Doc. 25 at 1.

when a traditionally recognized exception is applicable. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *Woods v. Barnett Bank of Ft. Lauderdale,* 765 F.2d 1004, 1014 (11th Cir. 1985). However, the district court may award attorney fees when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); see also *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). The district court's decision to impose sanctions under its inherent power is reviewed under an abuse of discretion standard. *Barnes*, 158 F.3d at 1214. A "primary" aspect of the court's discretion to exercise its inherent powers "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 1215 (quoting *Chambers*, 501 U.S. at 44-45).

Under the Court's inherent authority to issue sanctions, a finding of bad faith is "established by showing that the party engages in, 'among other things, delaying or disrupting the litigation or hampering enforcement of a court order.'" *Hymowitz v. Supreme Lending*, No. 1:20-CV-3763-WMR, 2021 U.S. Dist. LEXIS 119468, 2021 WL 2585605, at *2 (N.D. Ga. Mar. 26, 2021) (quoting *Arugu v. City of Plantation*, 440 F. App'x 843, 846 (11th Cir. 2011)). Such is not the circumstances here. Scuderi has not argued that Bynum-Williams, proceeding pro se, disputed the enforceability of the settlement agreement to harass or abuse Scuderi. Nor did Bynum-Williams engage in litigation misconduct such that it affected "the court's need to manage its own affairs" and "achieve the orderly and expeditious disposition of cases." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009).

Therefore, the Court declines to impose sanctions against Bynum-Williams.[4]

### III. CONCLUSION

For the foregoing reasons, Scuderi's motion for enforcement of the written settlement agreement with Bynum-Williams (Doc. 19) is **GRANTED** and Scuderi's motion to award attorney fees as a sanction (Doc. 19) is **DENIED**.  The settlement agreement attached to Scuderi's motion (Doc. 19-1 at 3) is hereby incorporated into this Order and made the judgment of the Court.  The Court will retain jurisdiction to enforce this agreement.

**SO ORDERED**, this 17th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The fact that the Court will summarily enforce the settlement agreement does not require the Court to impose sanctions against Bynum-Williams.  *See, e.g., Tahfs v. Proctor*, 316 F.3d 584, 595 (6th Cir. 2003) ("A complaint does not merit sanctions … simply because it merits dismissal pursuant to Rule 12(b)(6).").